## REMINGTON STANDARD TYPEWRITER MANUF'G CO. *v.* BAILEY.

*(Circuit Court, S. D. New York. June 11, 1892.)*

PATENTS FOR INVENTIONS—LIMITATION OF CLAIM—TYPEWRITING MACHINES.

In letters patent No. 170,239, issued November 23, 1875, to Lucien S. Crandall for an improvement in typewriting machines, the specifications show a vibrating platen to give more than one printing center, and type bars with two or more types, and having a forward or backward motion so as to use two adjoining types on each printing center. Claim 3 is for "the combination of the vibrating platen with the swinging compound type bars, provided with types corresponding to each vibration on printing-point of the platen, substantially as specified." *Held,* that the claim covers the combination of the vibrating platen and the type bars with more than one type, and the word "compound" does not confine the claim to bars having both plural types and a double motion.

In Equity. Bill by the Remington Standard Typewriter Manufacturing Company against Frank W. Bailey for infringement of letters patent No. 170,239, issued November 23, 1875, to Lucien S. Crandall for an improvement in typewriting machines. Heard on application for a preliminary injunction. Granted as to claim 3 of the patent.

In the specifications the inventor states that—

"The invention consists mainly in a vibrating platen and paper-feed arranged in connection with a series of type bars, which are provided with more than one type, and operated by oscillating finger levers in such a manner that, according to the backward or forward motion of the same, two adjoining types are printed on a common center, which centers may be increased in proportion to the type by definite vibrations of the platen produced by suitable mechanism."

The claims are as follows:

"(1) A typewriter constructed of a vibrating platen, with a series of swinging compound type bars and oscillating finger levers, substantially in the manner and for the purpose set forth. (2) In a typewriter, a platen or printing cylinder, vibrated in a direction transverse to the lines of printing, by means of mechanism substantially as described, for the purpose of creating additional printing points or centers. (3) The combination of the vibrating platen with the swinging compound type bars, provided with types corresponding to each vibration on printing point of the platen, substantially as specified. (4) The combination of the swinging type bar with the oscillating finger lever, and with mechanism, substantially as described, for imparting a double action to the type bar, so that the same may be thrown a fixed distance in forward or backward direction, and compel two adjoining types to strike the same printing point of the platen, substantially as described."

*H. D. Donnelly,* for complainant.

*Campbell, Hotchkiss & Reiley,* (*Maynadier & Beach,* of counsel,) for defendant.

LACOMBE, Circuit Judge. This is an application for preliminary injunction against infringement of patent No. 170,239, (to Lucien S. Crandall, November 23, 1875,) for improvement in typewriting machines. The third claim of the patent is as follows:

"(3) The combination of the vibrating platen with the swinging compound type bars, provided with types corresponding to each vibration on printing point of the platen, substantially as specified."

The record shows that Crandall was the first to use swinging type bars provided each with more than one type, and a vibrating platen, by whose vibrations the centers or printing points on which the types strike might be increased. The combination of these two novel features in the art of typewriting seems clearly covered by the claim above quoted, unless, as defendant contends, the use of the word "compound" confines the claim to bars, which not only bear a plurality of types, but also, by means of the oscillating finger levers, (elsewhere described in the patent,) are themselves oscillated; thus having a duplex motion. I am of opinion, however, that the word "compound" is used to indicate that the bars bear more than the single type, which was characteristic of all type bars before Crandall made his invention. As thus construed, the third claim is concededly infringed by defendant's machine. The first claim seems to cover a combination of which oscillating finger levers, and therefore oscillating type bars, are elements, and these are not found in defendant's machines. The validity of the second claim for the vibrating platen and mechanism to vibrate it is not sufficiently free from doubt to warrant a preliminary injunction. Were the manufacturers defendants in this suit, it might be, in view of the short time the patent has to run, that preliminary injunction should be refused upon giving proper security; but, as defendant is only a selling agent, complainant may take his order against infringement of the third claim.